UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LUXEXPRESS 2016 CORP., ALAMO                                :
GROUP INC., LUXEXPRESS-II LTD.,                             :
MYKOLA IVANENKO, and LARYSA                                 :
IVANENKO,                                                   :
                                                            :                15-CV-4880 (VSB)
                                Plaintiffs,                 :
                                                            :                **OPINION & ORDER**
                - against -                                 :
                                                            :
GOVERNMENT OF UKRAINE, VIKTOR                               :
YANUKOVICH, ALEXANDER                                       :
YANUKOVICH, MYKOLA AZAROV,                                  :
ALEXEY AZAROV, YURY                                         :
ANISTRATENKO, VALERIY                                       :
KHOROSHKOVSKIY, ANDREW                                      :
KLYUYEV, SERGEY KLYUYEV, SERGEY                             :
KLYUYEV, VITALIY ZAKHARCHENKO,                              :
VIKTOR PSHONKA, ARTEM PSHONKA,                              :
RENAT KUZMIN, ANATOLIY MELNIK,                              :
VLADIMIR GOGOL, OLENA LUKASH,                               :
VICTOR TATKOV, ARTUR                                        :
YEMELYANOV, BORIS KOLESNIKOV,                               :
VLADIMIR KOZAK, ALEXEY                                      :
KRYVOPISHIN, ALEXSANDER RYBAK,                              :
ALEXANDER POPOV, ANATOLIY                                   :
GOLUBCHENKO, GALINA GEREGA,                                 :
LEONIC CHERNOVETSKIY, SERGEY                                :
KURCHENKO, ARSENY YATSENYK,                                 :
VIKTOR SHOKIN, BORIS OSTAPYUK, and                          :
JOHN DOES 1 through 20,                                     :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2018

Appearances:

Kenneth Foard McCallion
McCallion & Associates, LLP
New York, New York
*Counsel for Plaintiffs*

David G. Hetzel
Ralph T. Lepore, III
Robert Michael Shaw
Holland & Knight, LLP
Boston, Massachusetts
*Counsel for Defendant the Government of Ukraine*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Luxexpress 2016 Corp. ("Luxexpress 2016"), Alamo Group, Inc. ("Alamo Group"), Luxexpress-II Ltd. ("Luxexpress-II"), Mykola Ivanenko, and Larysa Ivanenko (collectively, "Plaintiffs"), bring this action against the Government of Ukraine ("Ukraine"), thirty Ukrainian individuals, and twenty John Doe Defendants (collectively, "Defendants"). Plaintiffs bring claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, as well as claims for fraud, abuse of process, civil theft, conversion, unjust enrichment, and unlawful takings and wrongful expropriation in violation of international law.

Before me is Ukraine's motion to dismiss the claims asserted against it for lack of subject matter jurisdiction, improper venue, and failure to state a claim. Because I find that 28 U.S.C. § 1391(f) requires Plaintiffs to bring their claims against Ukraine in the United States District Court for the District of Columbia and venue in the Southern District of New York is improper, Ukraine's motion to dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(3). Because I find it to be in the interest of justice, the case is transferred to the United States District Court for the District of Columbia.

I.       **Background**[1]

Mykola and Larysa Ivanenko founded Luxexpress-II in 1993. (SAC ¶ 73.)[2] Until 2012 Luxexpress-II operated as an automobile import business in Kiev, Ukraine, and primarily imported American cars through various U.S. suppliers, including Alamo Group. (*Id*. ¶ 4.) Through various ordinances, written approvals, and lease agreements, (*id.* ¶¶ 73–75, 78, 79), Ukraine permitted and leased to Luxexpress-II a plot of land located in a "prime" commercial district in the city of Kiev, Ukraine upon which Plaintiffs constructed various buildings related to their business, (*id*. ¶¶ 4, 73).

Starting in 2002, Alamo Group invested substantial capital in Ukraine through its business dealings with Luxexpress-II and Mykola and Larysa Ivanenko. (*Id.* ¶¶ 24, 83, 92.) Alamo Group maintains its principal place of business in the United States, specifically in the state of Georgia, and is incorporated under the laws of Georgia. (*Id.* ¶ 19.) In January 2002, Alamo Group loaned approximately $300,000 to Luxexpress-II to fund the expansion of Alamo Group's business operations in Ukraine. (*Id.*) In addition, Alamo Group's records from August 2004 until February 2009 reflect transactions between Luxexpress-II and Alamo Group totaling over $2.5 million, and certain of the transactions in this time period involved shipment of automobiles from the United States to Ukraine. (*Id.*)

In or around December 2003, Defendants and certain agencies within the Government of Ukraine issued an order granting authority and responsibility for the construction of a road and railway bridge across the Dnieper River, which flows through Kiev. (*Id.* ¶ 95.) Defendants used

---

[1] The following factual summary is drawn from the allegations of the second amended complaint, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "SAC" refers to the second amended complaint filed in this action on December 7, 2016 (the "Second Amended Complaint"). (Doc. 41.)

the construction of the road and bridge as a pretext to expropriate and seize Plaintiffs' property. (*Id.* ¶ 96.) In February 2004, Defendants sent Luxexpress-II a notice stating that Plaintiffs' rights with respect to their use of the plot of land in Kiev could be terminated, and the land could instead be utilized for the construction project. (*Id.* ¶ 98.) In April 2004, Defendants requested that Luxexpress-II inform them what monetary compensation they would demand for the taking of a portion of the plot of land in Kiev upon which Plaintiffs' business operated. (*Id.* ¶ 100.)

Luxexpress-II submitted the requested paperwork setting forth its estimation of the fair market value of the portion of the land that would be affected by the planned construction. (*Id.* ¶ 103.) However, Defendants ignored Plaintiffs' submission. (*Id.* ¶ 105.) Defendants seized the entirety of the Plaintiffs' land, demolished the buildings and business equipment located on the land, and refused to compensate Plaintiffs whatsoever. (*Id.* ¶¶ 106–09, 134–35.)[3] Ukraine's seizure of the land and demolition of Plaintiffs' business equipment and property "had a direct adverse impact on rights and interests of Plaintiffs and their business relations in the United States" because the taking interfered with Plaintiffs' business relationships with U.S. corporations such as Alamo Group. (*Id.* ¶ 12.) As a result of Defendants' conduct, Plaintiffs and their business partners in the United States suffered millions of dollars in damages from, among other things, the property seizures, destruction of the property, and cancellation of their rights in the property. (*Id.* ¶ 15.)

---

[3] Plaintiffs state that "July 2004" in paragraph 5 of the Second Amended Complaint is a typographical error, and the date should be "July 2012." (Pls.' Opp. 29.) "Pls.' Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendant Ukraine's Motion to Dismiss the Second Amended Complaint, filed April 19, 2017. (Doc. 48.)

## II. Procedural History

Luxexpress-II, Mykola Ivanenko, and Larysa Ivanenko filed this action on June 23, 2015, (Doc. 1), and filed their amended complaint, which added Ukraine as a Defendant, on July 2, 2015, (the "Amended Complaint") (Doc. 5). Plaintiffs sought and I granted extensions of time for Plaintiffs to effect service of process on Ukraine, (Docs. 18–25), and Plaintiffs served Ukraine "pursuant to the provisions of the Foreign Services Immunities Act" under 28 U.S.C. § 1608(a)(3). (Doc. 18). On August 24, 2016, Ukraine submitted a pre-motion letter regarding its anticipated motion to dismiss the Amended Complaint, (Doc. 27), and Plaintiffs submitted their response letter on August 29, 2016, (Doc. 30). I held a pre-motion conference regarding the anticipated motion on October 21, 2016. On October 24, 2016, I issued an order granting Plaintiffs leave to file the Second Amended Complaint, granting Ukraine leave to file its anticipated motion to dismiss, and setting a briefing schedule with respect to Ukraine's motion. (Doc. 35.)

Plaintiffs filed the Second Amended Complaint on December 7, 2016. (Doc. 41.) On January 31, 2017, Ukraine filed its motion to dismiss and supporting papers. (Docs. 44–45.) On April 19, 2017, Plaintiffs filed their memorandum of law in opposition and supporting papers, (Docs. 48–49), and on June 19, 2017, Ukraine filed its reply in support of the motion and supporting papers, (Doc. 56).

With respect to the Ukrainian individuals named as Defendants (the "Individual Defendants"), although an electronic amended summons was issued in connection with the Amended Complaint for each of the Individual Defendants on July 14, 2015, (Doc. 12), there is no indication that Plaintiffs served them. Further, there is no indication that Plaintiffs obtained summons for the Individual Defendants with regard to the Second Amended Complaint and/or

that Plaintiffs served the Individual Defendants with the Second Amended Complaint. No attorneys have filed appearances on the docket as of the date of issuance of this Opinion and Order, nor have the Individual Defendants responded in any way to the allegations in Plaintiffs' Complaint, Amended Complaint, or Second Amended Complaint.[4]

## III. Discussion

### A. *Subject Matter Jurisdiction*

Ukraine argues that it is immune from suit under the FSIA which "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)). Under the FSIA, "a foreign state, including its agencies and instrumentalities, is presumptively immune from suit in U.S. courts unless a specific FSIA exception to such immunity applies." *Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.*, 204 F.3d 384, 388 (2d Cir. 2000); *see also* 28 U.S.C. § 1604. Plaintiffs acknowledge that Ukraine is a foreign state, (*see* SAC ¶ 25),[5] and thus jurisdiction over it can be obtained only in accordance with the requirements of the FSIA. Plaintiffs argue three statutory exceptions to the general rule of foreign sovereign immunity apply here: (i) the expropriations exception, 28 U.S.C. § 1605(a)(3); (ii) the commercial activity exception, 28 U.S.C. § 1605(a)(2); and (iii) the waiver exception, 28 U.S.C. 1605(a)(1). (*See* SAC ¶¶ 62, 64, 69, 70.)

---

[4] Plaintiffs have not filed any affidavits of service with respect to any of the Individual Defendants, and have not taken any steps to either obtain default judgments or to dismiss the Individual Defendants. Thus I question why the action should not be dismissed against the Individual Defendants for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)). Because I am transferring the instant action to the District Court for the District of Columbia, however, the District Judge assigned in the District of Columbia may make that determination.

[5] Plaintiffs allege Ukraine is the "political entity that is responsible for the operation of the foreign state of Ukraine." (SAC ¶ 25.)

In response, Ukraine argues that none of these exceptions apply.

Because the claims against the Ukraine in this case must be dismissed on the threshold ground that venue in this District is improper, I decline to reach the issue of whether an exception to the general rule of sovereign immunity applies here to confer subject matter jurisdiction. *See Magi XXI, Inc. v. Stato della Città del Vaticano*, 714 F.3d 714, 720 n.6 (2d Cir. 2013) (stating that a court need not consider whether exception under the FSIA establishes subject matter jurisdiction where it could dismiss for either lack of personal jurisdiction or forum non conveniens); *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) (declining to reach subject matter jurisdiction under the FSIA and dismissing sovereign defendant for improper service and improper venue). Although "jurisdictional questions ordinarily must precede merits determinations in dispositional order," courts need not establish subject matter jurisdiction when there is "[d]ismissal short of reaching the merits" because "[subject-matter] [j]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted). Thus, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" in the interests of judicial restraint and judicial economy. *Id*. (internal quotation marks omitted).

For example, a district court may decide a "challenge to venue before addressing the challenge to subject-matter jurisdiction" in the interests of adjudicative efficiency. *Brodt v. Cty. of Harford*, 10 F. Supp. 3d 198, 200 (D.D.C. 2014); *see also Crotona 1967 Corp. v. Vidu Brother Corp.*, No. 09 Civ. 10627(NRB), 2010 WL 5299866, at *1 n.1 (S.D.N.Y. Dec. 21, 2010) (collecting cases and finding that "[i]mproper venue is not the type of merits-based dismissal which the Supreme Court has cautioned cannot take place before a court has assured itself of

subject matter jurisdiction."); *see also Sinochem*, 549 U.S. at 431 (finding that "while . . . jurisdictional questions ordinarily must precede merits determinations," there is "no mandatory sequencing of jurisdictional issues" and "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" (internal quotation marks omitted)); Fed. R. Civ. P. 41(b) (listing improper venue among non-merits-based dismissals).

Accordingly, since the motion to dismiss can be resolved on venue grounds without reaching the merits, the interests of judicial restraint and economy militate against addressing subject matter jurisdiction under the FSIA at this time.

### B. *Venue*

#### 1. Applicable Law

On a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014) (quoting *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F. Supp. 22, 25 (S.D.N.Y. 1994)). "A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction." *Fedele*, 18 F. Supp. 3d at 316 (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). Accordingly, when considering a motion to dismiss for improper venue under Rule 12(b)(3), "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of venue," but if the court decides to "hold[] an evidentiary hearing the plaintiff must demonstrate venue by a preponderance of the evidence." *Glasbrenner*, 417 F.3d at 355 (quoting *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)). "[I]n deciding a motion to dismiss for improper venue, the 'court may examine facts outside the complaint to determine whether venue is proper. The Court must draw all reasonable inferences

and resolve all factual conflicts in favor of the plaintiff.'" *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (quoting *EPA ex rel. McKeown v. Port Auth.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y.2001)).

Pursuant to 28 U.S.C. § 1391(f), civil actions against foreign sovereigns may be brought:

1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

As the Second Circuit has noted, in considering whether venue is proper under § 1391(f)(1), a district court must "take seriously the adjective 'substantial.'" *Glasbrenner*, 417 F.3d at 357 (interpreting the identical provision of § 1391(b)(2)); *see also Comm'ns Import Export S.A. v. Republic of the Congo*, No. 11 Civ. 6176(JFK), 2012 WL 1468486, at *2 (S.D.N.Y. Apr. 27, 2012) (applying *Glasbrenner* in the context of § 1391(f)). "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Glasbrenner*, 417 F.3d at 357 (emphasis in original).

## 2. Application

As an initial matter, an evidentiary hearing is not necessary to resolve the venue dispute. This case does not involve a vessel or cargo of a foreign state, nor is this an action brought by an agency or instrumentality licensed to do business in the Southern District of New York against an agency or instrumentality of a foreign state. Therefore, § 1391(f)(2) and (3)—providing that civil actions may be brought against foreign sovereigns "in any judicial district in which the vessel or cargo of a foreign state is situated" or "in any judicial district in which the agency or instrumentality is licensed to do business or is doing business," respectively—are not applicable here. Venue is proper in this District only if a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this District. 28 U.S.C. § 1391(f)(1). Otherwise, venue as to Ukraine only lies in the United States District Court for the District of Columbia. *Id.* § 1391(f)(4).

Plaintiffs argue that venue is proper here for two reasons. First, they assert that "Mr. and Mrs. Ivanenko are residents of New York and political refugees from Ukraine. As such, they have the right to choose their own venue." (Pls.' Opp. 25.) Plaintiffs appear to be conflating the right of a plaintiff in the United States to choose her venue in the first instance under § 1391(b), which I find is inapplicable here.[6] Plaintiffs fail to provide any authority under the relevant statute governing venue here, § 1391(f), for their conclusory and novel assertion, and I can find none. Moreover, Plaintiffs acknowledge that Ukraine is a foreign state but fail to articulate why

---

[6] In the Second Amended Complaint, Plaintiffs allege that "[v]enue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c)." (SAC ¶ 72.) Further, in their opposition to Ukraine's motion to dismiss Plaintiffs state, consistent with § 1391(b) and (c), that "they have the right to choose their own venue" and that "plaintiffs have chosen to incorporate plaintiff Luxexpress 2016 Corp. in New York, and presently conduct their ongoing business through this New York corporate entity." (Pls.' Opp. 25–26.) In light of the fact that Ukraine is a foreign state, however, the correct venue provision is § 1391(f), which governs civil actions against "foreign states." "Foreign states" are defined under § 1603(a) as "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." Because here, Plaintiffs bring claims against the Government of Ukraine, I find that they bring an action against a "foreign state" and therefore § 1391(f) is the applicable provision.

or how their status as residents of New York and political refugees from Ukraine trump the requirements of § 1391(f). Accordingly, Plaintiffs' first argument is without merit.

Second, Plaintiffs argue that their contacts with New York demonstrate that venue is proper in this District.[7] As support, Plaintiffs identify the following New York contacts: (i) Defendants' "racketeering and/or other tortious activities have had a direct impact on businesses . . . in New York and elsewhere in the U.S.," (SAC ¶ 60); (ii) the Alamo Group and its principal were forced to borrow funds from various sources, including a citizen based in New York, (*id.* ¶¶ 19–22); and (iii) Luxexpress 2016 is a New York corporation with its principal place of business in New York, (*id.* ¶ 18).

Accepting these allegations as true, Plaintiffs' argument fails because Plaintiffs' contacts with New York are irrelevant to the venue analysis under § 1391(f)(1). In determining whether venue is proper, the relevant question, which Plaintiffs fail to address, is where the events or omissions "giving rise to" Plaintiffs' claims occurred or where the property at issue is located. 28 U.S.C. § 1391(f)(1). The fact that Defendants' actions "had a direct impact," (SAC ¶ 60), in New York simply does not inform where Plaintiffs' claims arose. Likewise, the fact that, as a result of Defendants' actions, Alamo Group borrowed funds from an individual in New York is also irrelevant to where Plaintiffs' claims arose. Further, the fact that Plaintiff Luxexpress 2016—an entity incorporated after this action was filed—is a New York corporation does not inform the venue analysis. In fact, finding venue on the basis of a corporation being incorporated in the district where venue is sought would permit plaintiffs to create venue in whatever district they chose to file their lawsuit merely by incorporating a company in that

---

[7] Plaintiffs do not specify that these contacts are with the Southern District of New York; however, in drawing all reasonable inferences in Plaintiffs' favor, *see Concesionaria*, 307 F. Supp. 2d at 555, I construe Plaintiffs' allegations relating to New York to mean contacts with this District.

11

district.  This cannot be, and is not, the law.

The gravamen of Plaintiffs' claims is that Ukraine and the Individual Defendants, all Ukrainian individuals, seized and destroyed Plaintiffs' property, buildings, and business equipment in Ukraine.  Venue is improper in this District because, as alleged, virtually all of Defendants' actions giving rise to Plaintiffs' claims occurred in Kiev, Ukraine.  In addition, all the property that is the subject of Plaintiffs' claims was or is located in Ukraine and not the Southern District of New York.  *See Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the U.N. in N.Y.*, 15 CV 8693 (VB), 2016 WL 3351180, at *6 (S.D.N.Y. June 15, 2016) (holding venue was proper pursuant to § 1391(f) where breach of contract claims arose from remodeling ambassador's New York City residence and emphasizing that "there is a clear nexus to the Southern District of New York" because "the property that is the subject of the action is located in the Southern District of New York").  The fact that Plaintiffs have certain contacts with this District is insufficient.  *See Glasbrenner*, 417 F.3d at 357 (holding venue improper unless "significant events or omissions material to the plaintiff's claim . . . occurred in the district in question, even if other material events occurred elsewhere").

### C. *Transfer of Venue*

28 U.S.C § 1406(a) allows a district court to "dismiss, or if it be in the interest of justice, transfer" a case where it is filed in an improper district.  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."  *Comm'ns Import Export*, 2012 WL 1468486, at *5 (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005)).  In determining whether it is in the interest of justice for a case to be transferred, courts look to factors such as whether the claims would be time-barred, the merit of the claims, and expeditious and orderly adjudication.  *See id.* (finding that transfer would be in the interest of

justice where plaintiff had already spent a substantial amount of time and effort serving the defendants); *see also In re Ski Train Fire in Kaprun,* 257 F. Supp. 2d 648, 650–51 (S.D.N.Y. 2003) (analyzing whether it would be in the interest of justice to transfer a case by determining whether there was a statute of limitations bar as well as whether the plaintiff's claims had merit). In the instant action, Plaintiffs have already expended significant resources in serving Ukraine and possibly the Individual Defendants, and dismissing the case would "achieve[] nothing but delay." *Comm'ns Import Export*, 2012 WL 1468486, at *5. Accordingly, I find it in the interest of justice to transfer the case.

### IV. **Conclusion**

Because under 28 U.S.C. § 1391(f) the Southern District of New York is an improper venue for this case, Ukraine's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) is GRANTED. The Clerk of Court is directed to terminate the open motion, (Doc. 44), and to transfer this action to the United States District Court for the District of Columbia.

SO ORDERED.

Dated: March 30, 2018
New York, New York

*Vernon S. Broderick*
United States District Judge